## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**WARREN GLADDEN,**                             )
                                                )
   **Plaintiff,**                                )
                                                )
   **v.**                                        )          **Civil Action No. 10-1905 (ESH)**
                                                )
**HILDA SOLIS, SECRETARY OF LABOR,**            )
                                                )
   **Defendant.**                                )
_____ )

## <u>MEMORANDUM OPINION</u>

Plaintiff Warren Gladden's *pro se* complaint alleges that the Department of Labor discriminated against him based on his race, his age, and his prior engagement in protected activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, when it rejected his application for employment.   (Compl. ¶¶ 66-71.[1])   Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant has moved to dismiss the complaint for failure to state a claim.   For the reasons stated herein, the motion will be granted and the complaint dismissed.

## BACKGROUND

As this matter is before the Court on a Rule 12(b)(6) motion to dismiss, the following facts are drawn from the allegations in the complaint, documents attached as exhibits thereto or incorporated therein, and matters subject to judicial notice.   *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).   Plaintiff is an African-American male who,

---

[1]  All citations to the Complaint refer to the document filed on October 25, 2012, as an attachment to plaintiff's motion to reinstate [ECF No. 18-2].

in 2008, when he was 53 years old, applied for a position as a Program Specialist, G-14, in the

Department of Labor's Office of Federal Contract Compliance Programs.   (Compl. ¶¶ 5, 7, 8, 26,

33.)   As described in the vacancy announcement,[2] the duties of the position included providing

expert advice on systemic discrimination investigations of Federal contractors, serving as an

expert on issues concerning systemic discrimination investigations, and developing or revising

policies to ensure uniformity and to enhance the office's enforcement programs to address

systemic discrimination investigations.   (Compl. ¶ 26.)   In addition, applicants were required to

have "one year specialized experience equivalent to at least the next lower grade level."   (Compl.

¶ 27.)

     The first step of the application process involved a computer-scored evaluation of each

application.   (Compl. ¶¶ 43, 44.)   The next step, for applicants whose scores fell within the

required range, was an individualized review by a Human Resources specialist to determine

whether, in fact, the applicant met the "minimum qualification requirements" for the position.

(Compl. ¶¶ 36-38.)   In plaintiff's case, his initial score fell within the required range, but the

subsequent review led to the determination that he did not meet the "minimum qualification

requirement" of "one year of specialized experience in researching and analyzing factual and/or

legal issues arising from investigations and enforcement activities associated with violations of

systemic discrimination" because, according to the specialist who performed the review, his

experience was limited to "one personal discriminatory case in which you provided assistance to

your attorney with the proceedings of an internal EEO [Equal Employment Opportunity]

grievance against your former employer."   (Compl. ¶¶ 36, 38.)   Because the Human Resources

---

[2] There were actually two vacancy announcements issued for the position, one for all U.S. citizens and nationals and one for current or former federal employees with competitive/reinstatement eligibility.   (Compl., Att. 3.)   Plaintiff was eligible to apply pursuant to both announcements and he submitted an application in response to each.   (Compl., Att. 4.)

specialist concluded that plaintiff's experience did not satisfy the specialized experience requirement, she excluded plaintiff from the list of eligible candidates that she certified for consideration by the person who would make the hiring decision.   (Compl. ¶¶ 45, 47.)   The list of eligible candidates, five in total, included two African-American males and two individuals who were older than plaintiff, one by 20 years.   The person ultimately hired to fill the position was an African-American male, one year older than plaintiff.

After his application was rejected, plaintiff filed a complaint with the Department of Labor alleging that his exclusion from the list of eligible candidates was the result of race discrimination, age discrimination, and/or retaliation for prior protected activity.[3]   (Compl. ¶ 10.)   The Final Agency Decision, issued on July 9, 2010, concluded that "[b]ased on the record, the evidence does not support a conclusion that the Agency's actions constituted discrimination based on race, age, and/or in reprisal of EEO activity."   (Compl., Att. 1, at 12 ("Final Agency Decision").)

On November 3, 2010, plaintiff filed the above-captioned case.   On June 14, 2011, the case was dismissed without prejudice for failure to exhaust administrative remedies.   (Mem. Op. and Order, June 14, 2011 [ECF No. 15].)   On November 16, 2012, the Court granted plaintiff's unopposed motion to reinstate his complaint.   (Minute Order, Nov. 16, 2012.)

Now before the Court are defendant's motion to dismiss the complaint for failure to state a claim (Mot. to Dismiss, Nov. 9, 2012 [ECF No. 19] ("Def.'s Mot.")), plaintiff's opposition thereto (Pl.'s Response to Mot. to Dismiss, Dec. 14, 2012 [ECF No. 22] ("Pl.'s Opp.")), defendant's reply (Reply to Opp. to Mot. to Dismiss, Dec. 21, 2012 [ECF No. 23] ("Def.'s Reply"), and plaintiff's surreply.   (Pl.'s Mot. to File Surreply, Dec. 27, 2012 [ECF No. 25] ("Pl.'s Surreply")).

---

[3] Plaintiff's administrative complaint included other claims, which are not material to the present case.

# ANALYSIS

## I.      LEGAL STANDARDS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Rule 8(a)(2)).   "To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."   *Id.* (internal quotations omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.* (internal quotations omitted).   "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."   *Id.* (internal quotations omitted).   Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'"   *Id.* at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

## II.      DISCRIMINATION CLAIMS

Plaintiff claims that he was discriminated against by the Department of Labor because of his race and/or age.   Under Title VII or the ADEA, the two essential elements of a race or age discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) *because of* the plaintiff's race or age.   *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Here, defendant argues plaintiff's discrimination claims should be dismissed because plaintiff "has failed to plead sufficient facts that would allow a reasonable inference that DOL [Department of

Labor] discriminated against him – i.e. that it intentionally treated him differently from other similarly situated individuals – because of his race [or] age."   (Mot. to Dismiss at 9, Nov. 9, 2012 [ECF No. 19].)   As the complaint and subsequent briefing make clear, plaintiff is not alleging that the Human Resources specialist who reviewed his application and determined that he was not "qualified" harbored any discriminatory animus.   Nor is he alleging that there was anything about the decision-making process in his particular case that suggests any causal link between the decision not to hire him and his race or age.   Rather, his discrimination claims rest entirely on allegations that the Department of Labor's hiring process for all applicants is legally flawed. Plaintiff alleges two particular problems with the hiring process.   First, he alleges that it violates federal hiring regulations to follow the computer-scored objective rating of an application with an individualized review of the textual responses to determine if a candidate is "qualified."   (Compl. ¶¶ 50-52.)   According to plaintiff, if an applicant's objective score falls within the required range, he should be deemed "qualified" and included on the list of eligible candidates.   Second, he alleges that the Department of Labor fails to compile and keep legally required information about the race and age of all applicants.   (Compl. ¶¶ 61-62.)

For purposes of resolving the motion to dismiss, the Court will accept, as it must, that the Department of Labor's individualized review process, which led to plaintiff's exclusion from the list of eligible candidates, and its failure to keep complete records as to the race and age of all applicants violate various rules and regulations.   But the Court cannot make the leap plaintiff wants it to make from these allegations.   Under plaintiff's theory, given these allegations, every applicant who falls within a protected class and scores within the required range, but is subsequently excluded from the list of eligible candidates, would be able to state a claim for intentional discrimination.   The Court does not find this to be a "reasonable inference."   As the

Supreme Court recognized in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief   . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal*, 556 U.S. at 679.   Here, the Court is unpersuaded that it is a "reasonable inference" from the alleged facts that the decision not to include plaintiff on the list of eligible candidates was because of plaintiff's race or age, especially given that there is no allegation that the reviewer harbored any discriminatory animus, two of the five on the list of eligible candidates were African-American, two of the five on the list were older than plaintiff, one by 20 years, and the person ultimately selected for the position was an African-American male, one year older than the plaintiff.   Rather, this is a classic example of a case where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.   Accordingly, plaintiff's discrimination claims will be dismissed.

## III.   RETALIATION CLAIM

Plaintiff also claims that he was not hired in retaliation for his prior EEO activity.   To establish a retaliation claim under Title VII or the ADEA, a plaintiff must show that he suffered "(i) a materially adverse action (ii) because he . . . brought or threatened to bring a discrimination claim."   *Kempthorne*, 550 F.3d at 1198.   Plaintiff's retaliation claim is based entirely on two allegations: that he engaged in prior protected activity and that he included a description of that activity in his application.   Defendant has moved to dismiss plaintiff's retaliation claim on the same ground as his discrimination claims -- that he "has failed to plead sufficient facts that would allow a reasonable inference that DOL [Department of Labor] . . . intentionally treated him differently from other similarly situated individuals – because of . . . his prior EEO activity." (Mot. to Dismiss at 9, Nov. 9, 2012 [ECF No. 19].)

Plaintiff's protected activity has been extensive and he tries to bootstrap a claim for

retaliation to the fact of his prior litigation experience, just as he tried to turn that experience into a job qualification.   (Pl.'s Opp. at 32.)   This cannot be the law.   Under plaintiff's theory, every rejected applicant who has engaged in protected activity and includes that information on an employment application (even if it is not asked for) would be able to state a claim for retaliation. Drawing on judicial experience and common sense, the Court believes that these two facts standing alone lack the "factual content" necessary to support a "reasonable inference" that defendant's failure to hire plaintiff was retaliatory.   *Iqbal*, 556 U.S. at 679.   Again, absent any other fact that suggests retaliation, plaintiff has failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for [retaliation]."   Accordingly, plaintiff's retaliation claim will be dismissed.

## CONCLUSION

As plaintiff's complaint fails to state a claim for discrimination or retaliation, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) will be granted.[4]   A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   February 28, 2013

---

[4] This litigation is not plaintiff's first attempt to claim discrimination and retaliation after unsuccessfully applying for a job with the Department of Labor despite the lack of any factual basis for his claims.   *See Gladden v. Solis*, 2011 WL 2274179 (E.D. Pa. June 9, 2011) (dismissing complaint claiming discrimination and retaliation in the Department of Labor's failure to hire plaintiff as an equal opportunity specialist), *aff'd*, 2012 WL 3009275 (3d Cir. July 24, 2012).